UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAUL L. YACYK., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:23-cv-00848-GMN-BNW |
| vs. | ) | |
| | ) | **ORDER** |
| CIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are two Motions for Default Judgment, (ECF Nos. 12, 13), filed by Plaintiff Paul L. Yacyk ("Plaintiff").[1]  For the reasons discussed below, the Court DENIES Plaintiff's Motions.

I. **BACKGROUND**

Plaintiff alleges that the CIA is stalking and abusing him with microwaves and ultrasonics. (*See generally* Compl., ECF No. 1).  Because the instant motions concern service of process, the Court summarizes the docket entries relating to service below.

The summons as to the CIA, U.S. Attorney, and U.S. Attorney General issued on June 7, 2023. (ECF No. 4).  On July 14, 2023, the summons was returned unexecuted. (ECF No. 7).  The unexecuted summons, signed by a U.S. Marshal or Deputy, noted that the summons contained an inaccurate address for the entity to be served. (*Id.* at 1).  On August 7, 2023, Plaintiff filed a Certificate of Service for the Complaint, specifying that the summons was sent by certified mail with return receipt via USPS and "received at the front desk of there." (ECF No. 8).  The summons attached to this Certificate, however, was not signed by the Clerk of Court. (*Id.*).  Plaintiff filed another Certificate of Service with a photocopy of the envelope a

---

[1] Also pending before the Court is Plaintiff's Motion for a Temporary Restraining Order ("TRO"), (ECF No. 9).  Because Defendant has not been served with the Motion for TRO or the complaint, the Court will defer ruling on this motion.

1  week later. (ECF No. 10).  Both Certificates include the same USPS tracking number.

2  Plaintiff filed a Certificate of Service for his pending Motion for TRO as well. (ECF No. 11).  Like the other two Certificates, the attached summons is unsigned by the Clerk of Court and states that the Motion was sent via certified mail.[2] (*Id.*).  Plaintiff now seeks entry of default judgment against Defendant.

## II. **LEGAL STANDARD**

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. Rule 55(a).  Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.*  Additionally, the FRCP 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend. *Id.*  Then, after the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).  Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

The clerk cannot enter default unless the party allegedly defaulting has been served.  A summons must first "issue" from the clerk, which means when a plaintiff presents a properly completed summons to the clerk, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. Fed. R. Civ. P. 4(b).  Then, the summons must be timely served with a copy of the complaint. *Id.* 4(c)(1).  To serve a United States agency such as the CIA, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." *Id.* 4(i)(2).

///

---

[2] The Certificate specifically notes that the "Request for a Temporary TRO was sent via Certified Letter to the defendant and received on 8/14/2023."

### III. DISCUSSION

Plaintiff has not met the first step of the default judgment process; he filed Motions for Default Judgment without first obtaining an entry of default from the clerk of court. The Court DENIES Plaintiff's Motions for Default Judgment on this ground. The Court notes, however, that Plaintiff appears to believe that he has sufficiently served Defendant. Accordingly, the Court takes this opportunity to clarify that Plaintiff has not properly executed service.

Because Plaintiff is suing the CIA, an agency of the United States, Plaintiff must serve the CIA in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. That is, Plaintiff must serve the United States *and* send a copy of the summons and complaint by registered or certified mail to the agency. Plaintiff has not completed either step here.

First, nothing on the record indicates that Plaintiff served or attempted to serve the United States. To serve the United States, a party must deliver the summons and complaint to the U.S. attorney for the district where the action is brought, to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or to the civil-process clerk at the United States attorney's office. Fed. R. Civ. P. 4(i)(A)(i-ii).

Second, to the extent Plaintiff attempted to send a copy of the summons and complaint by registered or certified mail to the agency, the Certificates of Service reflect that Plaintiff sent the summons without the clerk's signature. (*See* ECF Nos. 8, 10, 11). Plaintiff must send the summons issued by the clerk's office along with the Complaint. Plaintiff's service of the Motion for TRO is similarly insufficient. In light of Plaintiff's *pro se* status, the Court will grant Plaintiff an additional sixty days to serve Defendant by serving the United States and sending a copy of the signed summons and complaint to the CIA, consistent with Rule 4(i). Plaintiff will also have an additional sixty days to serve the Motion for TRO on Defendant.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Default Judgment, (ECF Nos. 12, 13), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have sixty (60) days from the date of this Order to serve the Complaint and Motion for TRO on Defendant.

Dated this __12__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court