UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL L. YACYK,<br><br>    Plaintiff,<br><br> v.<br><br>C.I.A.,<br><br>    Defendant. | Case No. 2:23-cv-00848-GMN-BNW<br><br>**REPORT and RECOMMENDATION** |

  On June 1, 2023, Plaintiff, Paul L. Yackyk ("Yacyk"), appearing pro se, filed the present Bivens action asserting that the CIA is firing microwave ultrasonics at him, apparently in retaliation for receiving SSI benefits. (ECF No. 1). Service of the summons and complaint was due no later than August 30, 2023.

  On October 12, 2023, the Court denied Plaintiff's motions for default judgment and granted Plaintiff an additional sixty (60) days to effectuate service of the summons and complaint in accordance with Federal Rule of Civil Procedure ("Rule") 4(i), (m). (ECF No. 14). Further, the Court specifically instructed Plaintiff on the manner of serving an agency of the United States. (*Id.*).

  On November 14, 2023, the Court reminded Plaintiff that he needed to file proof of service of the summons and complaint. (ECF No. 21). On November 16, 2023, Plaintiff filed a "Proof of Service" form indicating that he had served Defendant by mailing a summons that day via United States Postal Service Priority Mail to the "C.I.A. Office of the General Counsel" in Washington D.C. (ECF No. 23). However, Plaintiff has never filed a return receipt or verified tracking information. Further, Plaintiff failed to file proof that he served the United States Attorney for the District of Nevada in compliance with Rule 4(i).

  Over two months later, on January 26, 2024, the Court generously extended the time for Plaintiff to file proof of service of the summons and complaint another thirty (30) days, requiring proof of service of the summons and complaint to be filed no later than February 26, 2024. (ECF

No. 26). Further, the Court warned Plaintiff that failure to file proof of service would result in the action being dismissed without prejudice in accordance with Rule 4(m). (*Id.*).

On February 2, 2024, Plaintiff filed return of service unexecuted. (ECF No. 27). On February 22, 2024, Plaintiff filed another return of service unexecuted. (ECF No. 28). Both returns attempted to serve the C.I.A. at offices in Washington D.C. or Virginia. Plaintiff has never filed proof that he even attempted to serve the summons and complaint on the U.S. Attorney for the District of Nevada as required by Rule 4(i).

Originally, service of the summons and complaint on Defendant was due no later than August 30, 2023. The Court has now, *sua sponte*, extended the time for Plaintiff to serve the summons and complaint twice, effectively granting Plaintiff an additional six months to comply with Rule 4. Despite being granted extensions of time and being instructed by the Court how to serve an agency of the United States government, Defendant has failed to provide proof that he served the summons and complaint in accordance with Rule 4.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Complaint (ECF No. 1) be **DISMISSED without prejudice** pursuant to Rule 4(m) for failure to serve the summons and complaint within the allotted time;

**IT IS FURTHER RECOMMENDED** that any other outstanding motions be **DENIED as moot**.

### NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 27, 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE