1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

PAUL YACYK

                Plaintiff,

    v.

CIA.,

                Defendants.

Case No. 2:23-cv-00848-GMN-BNW

**Order [re: ECF No. 24] &
Report & Recommendation
Re: [15]**

Plaintiff Paul Yacyk moves for a temporary restraining order and requests that this Court rule on the matter on an expedited basis. ECF Nos. 15, 24.  The motions are referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1). Yacyk has not shown a likelihood of success on the merits of his claims. On this basis, the Court will recommend that his Motion for a Temporary Restraining Order be denied. In addition, the Court denies the request to hear the motion on an expedited basis as moot.

**I.      Background**

Yacyk's claims derive from allegations that the CIA has been using micro and ultrasonic waves on him (for over 20 years) to get him back to work (and to stop his SSI benefits). He alleges he found out about the CIA's activities by using the "spectrum analyzer" he purchased. Based on these allegations, Yacyk brings a claim under 42 U.S.C. § 1983.

**II.      Legal standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  To obtain this extraordinary remedy, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id.*  The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *LIT Ventures, LLC v.*

*Carranza*, 457 F. Supp. 3d 906, 908 (D. Nev. 2020) (citing *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

**III.   Discussion**

Yacyk requests a Temporary Restraining Order against the CIA to restrain it from: (1) surveilling him without a warrant; (2) harassing him by firing micro and ultrasonic waves at him; and (3) interfering with his daily life. ECF No. 15 at 1. Yacyk's motion does not sufficiently address whether/how he is likely to succeed on the merits.  Instead, he simply states he is likely to succeed—without providing any legal or factual basis for his conclusion. *Id*. Therefore, Yacyk has failed to establish a necessary element for the relief he seeks. In addition, this Court notes it has recommended that the case be dismissed based on his failure to properly serve Defendants. *See* ECF No. 29. Accordingly, the Court will recommend that Yacyk's motion be denied.

**IV.   Conclusion**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 15) be **DENIED**.

**IT IS ORDERED** that Plaintiff's Motion to Expedite [24] the resolution of ECF No 15 is **DENIED as moot**.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 25, 2024.

Brenda Weksler
United States Magistrate Judge