UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL L. YACYK,) <br> ) <br> Plaintiff,) <br> vs.) <br> ) <br> CIA,) <br> ) <br> Defendant.) <br> ) | Case No.: 2:23-cv-00848-GMN-BNW <br><br> **ORDER ADOPTING R&R AND DISMISSING CASE WITHOUT PREJUDICE** |

Pending before the Court are two Report and Recommendations ("R&Rs") of United States Magistrate Judge Brenda Weksler. The first R&R, (ECF No. 29), recommends dismissing the case without prejudice for failure to serve the summons and complaint within the allotted time. The second R&R, (ECF No. 31), recommends that Plaintiff's Motion for Temporary Restraining Order, (ECF No. 15), be denied.[1] Plaintiff filed Objections to both R&Rs, (ECF Nos. 30, 34 respectively).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. L. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. L. R. IB 3-2(b).

As the Magistrate Judge noted, the Court, *sua sponte*, extended the time for Plaintiff to

---

[1] The second R&R also contained an Order from the Magistrate Judge that Plaintiff's Motion to Expedite, (ECF No. 24), is denied as moot.

Page 1 of 3

serve the summons and complaint twice, effectively granting Plaintiff an additional six months to comply with Rule 4.  The Court also instructed Plaintiff how to serve an agency of the United States government pursuant to Rule 4(i). (Order Denying Mot. Default J. 3:7–23, ECF No. 14).  Despite the Court's leniency and direction, Plaintiff still failed to timely serve the CIA.

"[P]ro se litigants must follow the same rules of procedure that govern other litigants." *Crain v. Mercedes Benz of USA*, No. 2:22-cv-00806-CDS-BNW, 2022 WL 16922075, at *1 (D. Nev. Nov. 10, 2022) (quoting *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).  Plaintiff nonetheless argues that he did not know he must serve the U.S. Attorney for the District of Nevada and requests another extension so he may do so. (Obj. at 1, ECF No. 30).  In the Court's prior Order granting Plaintiff additional time to execute service, the Court explained that "Plaintiff must serve the United States *and* send a copy of the summons and complaint by registered or certified mail to the agency." (Order Denying Mot. Default J. 3:9–10).  The Court further delineated that to serve the United States, a party must deliver the summons and complaint "*to the U.S. attorney for the district where the action is brought*, to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or to the civil-process clerk at the United States attorney's office." (*Id.* 3:11–16) (emphasis added) (citing Fed. R. Civ. P. 4(i)(A)(i-ii).  Thus, Plaintiff should have been on notice that he would need to deliver the summons and complaint to the U.S. Attorney for the District of Nevada.  The Court therefore denies Plaintiff's request for a third extension of time.[2]

---

[2] Plaintiff argues that he has now served the United States by mailing a copy of the Complaint and Summons to the U.S. Attorney's Office for the District of Nevada. (Obj. at 2, ECF No. 34); (Certificate of Service, ECF No. 35).  Even if this service were timely, it is insufficient because Plaintiff has still failed to comply with the entirety of Rule 4(i)(1).

The Court adopts the first R&R and dismisses this case without prejudice.  Because the Court dismisses this case, the second R&R and underlying Motion for Temporary Restraining Order are now moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 29), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 31), is **MOOT**.  **IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order, (ECF No. 15), is **DENIED as moot**.

The Clerk of Court is instructed to close the case.

Dated this  22  day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court